# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

900 THIRD AVENUE
20TH FLOOR
NEW YORK, NEW YORK 10022-4883
(212) 751-3001
FAX (212) 751-3113
www.tklaw.com

DIRECT DIAL: (212) 751-3014
EMAIL:Paul.Cohen@tklaw.com

AUSTIN
DALLAS
DETROIT
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

June 13, 2011

**VIA ECF**

Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Amended Pre-Motion Conference Letter Request
            <u>Gubin and BH Seven, LLC v. Ambit Energy, L.P., et al.</u>, 11-CV-2483

Dear Judge Ross:

    Pursuant to Your Honor's instruction of June 8, 20111, we write to provide further clarity as to certain defendants' proposed motion to dismiss.

    First, we correct the list of defendants whom this Firm represents. They are: Ambit Energy L.P.[1]; Ambit New York, LLC; Ambit Holdings, LLC; Ambit Group, LP; Ambit Texas, LLC; Ambit Energy, LP[2]; Ambit Marketing, LP; Ambit Genpar, Inc.[3]; Bluevista Energy, LLC[4]; Ambit Management, Inc.; Ambit Energy Holdings, LLC; Ambit Systems, Inc.; Ambit Northeast, LLC[5]; Ambit Illinois, LLC; Ambit Energy (PA)[6]; Ambit Pennsylvania, LLC; Greenway Holdings, LP; Jere W. Thompson, Jr.; Chris Chambless; Darrell Starkweather; Jeff Hoefke; John Burke; and Cynthia Williams Young (collectively, "Defendants"). The previously filed notice of appearance incorrectly stated that this Firm represents all the defendants in this action.

---

[1]    This entity would be correctly named as "Ambit Energy, L.P."
[2]    Defendants do not know of such an entity because it has no records regarding a separate Ambit Energy, LP from the correct, Ambit Energy, L.P.
[3]    Plaintiffs improperly stated that Ambit Genpar Inc. was doing business as Bluevista Energy.
[4]    Defendants do not believe a "Bluevista Energy, LLC," ever existed, but Ambit Energy, L.P. did operate for some time under the assumed name, "BlueVista Energy."
[5]    Plaintiffs improperly named "Ambit Maryland, LLC," which is now known as "Ambit Northeast, LLC."
[6]    Defendants cannot tell to what entity Plaintiffs refer given that they have failed to include what type of entity "Ambit Energy (PA)" is. To Defendants' knowledge, such an entity does not exist. Defendants only know and represent "Ambit Pennsylvania, LLC."

June 13, 2011
Page 2

With respect specifically to the proposed motion to dismiss, the above-listed Defendants believe that dismissal is warranted on the following, specific grounds: first, Plaintiffs have included at least one defendant -- Ambit Energy Funding, Inc. -- that is a New York corporation. As such, Plaintiffs cannot maintain their suit in this Court on the basis of diversity jurisdiction.

Second, Plaintiffs in any event have failed to identify the citizenship of Defendants. Thus, they have collectively (and incorrectly) identified over two dozen defendants -- including individuals and partnerships -- as "a corporation incorporated under the laws of State [sic] of Texas." Defendants submit that these citizenship allegations are insufficient to satisfy the requirements of diversity pleading.

Third, and relatedly, Plaintiffs make no attempt to identify the citizenship of partners among those of the Defendants which are partnerships. This too contravenes well settled precedent that a plaintiff must allege diversity not just for each and every defendant, but also for each and every partner where a defendant is a partnership.

Fourth, given these fatal deficiencies in the Complaint's diversity pleading, Plaintiffs are left with only two claims that arguably could trigger this Court's jurisdiction. They are a RICO claim and a claim for violations of the Federal Trade Commission Act. Plaintiffs' Rico allegations, however (at paras. 27-30 of the Complaint) come nowhere near to setting forth a prima facie claim under RICO. Plaintiffs' Federal Trade Commission Act allegations (at paras 31-34 of the Complaint) purport to state a claim for which there is in fact no private right of action.

Accordingly, Plaintiffs cannot proceed in this Court on either the basis of diversity or the existence of a federal question.

Fifth, aside from the Complaint's jurisdictional deficiencies -- which Defendants contend are dispositive -- Plaintiffs have failed to state a coherent claim for any of their fifteen causes of action. Even Plaintiffs' breach of contract claim (at paras. 11-17 of the Complaint), arguably the most straightforward kind of claim to plead, lacks essential elements: Plaintiffs do not identify the contract at issue; they do not identify which of the Defendants was a counterparty to the contract, or which of them allegedly breached it. Nor do Plaintiffs explain why or how Defendants' alleged breach of contract entitles Plaintiffs to the sum of $50 Million (Plaintiffs seek an astonishing $1.15 Billion in damages, excluding a grant of attorney fees and costs, which they estimate at a further $13 Million.)

Plaintiffs' fraud claim, which of course is subject to a higher pleading standard under F.R.Civ.P 9(b), is no more specific and detailed than their already-deficient breach of contract claim (see Complaint paras. 21-24). The remainder of Plaintiffs' allegations are vague and insufficient in similar vein.

On the merits of the pleading, therefore, the Complaint falls well short of the minimum pleading standard articulated by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

June 13, 2011
Page 3

(2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Defendants submit that these pleading deficiencies provide an additional basis on which to dismiss the Complaint.

In the alternative, Defendants request permission to move that this Court order Plaintiffs to provide a more definite statement.  Defendants also request permission, in the alternative, to move to dismiss this action for improper venue.  Defendants have identified an agreement between Plaintiffs and one of the defendants that provides for dispute resolution in Dallas, Texas.  If that agreement does indeed form the basis for Plaintiffs' claims, then they have come to the wrong forum.

We attach as Exhibit A to this letter a form of Memorandum in Support of Defendants' Motion to Dismiss.[7]  The attachment sets forth in detail Defendants' arguments in support of dismissal, in form and content substantially similar to that which Defendants anticipate filing, should this Court order briefing on the issue.

Accordingly, we respectfully request the scheduling of a pre-motion conference at the Court's convenience to discuss the Defendants' contemplated motion.

>Respectfully submitted,
>
>*/s/ Paul H. Cohen*
>
>Paul H. Cohen

Encl.

cc:     Flora Rainer, Esq. (via e-mail and ECF)
        Stephen C. Rasch, Esq.

---

[7]     We are mindful of the Court's page limitation on pre-motion correspondence.  We include the attachment merely for the Court's ease of reference and further understanding of Defendants' request.