# LAW OFFICE OF FLORA RAINER, ESQ.
## 7234  73RD STREET
## GLENDALE, NEW YORK 11385
## (718) 644-0214 / (718) 821-3407 - Fax/ FloraEsq2@aol.com

**\*  Admitted in N.Y. & N.J.**                                  **Also Office at:**
                                                                   **85-93  66th Avenue, 1st Floor**
                                                                   **Rego Park, New York 11374**

Honorable Justice Allyne R. Ross
United States District Court                           June 17, 2011
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                                                Re: Pre-Motion Denial Request
                                                <u>Gubin and BH Seven, LLC vs. Ambit et al.</u>  11-CV-2483

Dear Honorable Justice Ross:

      I respectfully request, on behalf of my clients, Nicole Gubin and BH Seven, LLC,  that the Court deny the Defendants' request for a pre-Answer motion to dismiss as the Amended letter with its attached thirty-five page Exhibit "A", the motion itself, *which circumvents the Court's requirement of limiting such a letter to three pages*, clearly demonstrates the unlikelihood of such a motion's success at this period of time and bad faith conduct by the Defendants. The purpose of such a motion to dismiss is clearly to deflect attention from the Defendants' (collectively "Ambit") misconduct of defrauding its consultants and customers, continuation of breach of contract, misrepresentation, and delaying the legal process.

      On May 23, 2011, the Plaintiffs filed this action as the Defendants have defrauded the Plaintiffs[1], the consultants, and customers on their downline of a multi-level networking marketing structure[2]. The downline is the pyramid of the new consultants below the original consultant with his or her customers who bring in more new consultants and customers, and the amounts of consultants and customers who become part of Ambit enables consultants to move to different rankings and increase their earning capacity, residuals, and bonuses. Energy

---

[1] On July 22, 2007 Plaintiff Nicole Gubin entered into a contractual relationship with Defendants, and that contract permits EDNY to be a forum for litigation of the causes of action as will be established through further discovery.  See also <u>Arrigo vs. Blue Fish Commodities</u>, 408 Fed. Appx. 480; 2011 U.S. App. Lexis 2446 (Feb. 7, 2011); <u>Dedon GmbH and Dendon Inc. vs. Janus Et Cie</u>, 2011 U.S. App. Lexis 262 (Jan. 6, 2011); <u>Specht et al. vs. Netscape Communications Corp. et al.</u>, 306 F.3d.17(2002).

[2]  The number of pending and energized in good standing customers determines the number of levels of downline customers for which the consultants are paid customer residual income.  For instance, ten customers credited to the consultants result in level four while twenty new customers raise the consultant to level six. Ambit manipulates levels which determine payments to the Plaintiffs.  Ambit also allows consultants (ex. Chanan Oxenhandler) in the Plaintiffs' downline to perform customer slamming (unlawful transfer of customers to Ambit without their knowledge, unlawful approval of customers in different states using a consultants' cellphone, approval of customers in Texas without appropriate credit checks and deposits) and then disperse these customers and other customers into levels on the downline that would unfairly and fraudulentlt prevent the Plaintiffs' compensation.

deregulation in New York, Pennsylvania, Illinois, Maryland, and Texas has allowed competition for both residential and commercial customers who want to lower their prices for gas and electric. Ambit consultants only need an online business management website called Power Zone. The www.AmbitEnergy.com website enables, *and purposely limits available information on downline information to prevent proper monitoring*, a consultant to use tools and reports in establishing, managing and tracking the growth of the consultant's business at Ambit. The Plaintiffs have worked very hard to build their downline in Ambit by promising consultants and customers the benefits of Ambit services and trust. However, Ambit defrauded the Plaintiffs and customers as the evidence will demonstrate in this matter[3].

The Defendant's pre-Answer motion to dismiss is without merit. The Amended letter and the incorporated submission of the motion itself, all thirty five pages, which thwart the authority of the Court to first make a determination if such a motion can even be raised, should be denied on all the grounds raised. Pursuant to 28 USC §1335, there exists diversity jurisdiction in this matter. All the Defendants/Ambit, its operations, its registered process agents, and the limited liability company partners are out-of-state in Dallas Texas. Even the New York entity, Ambit New York, LLC, which is actually controlled by Ambit and its principal place of business[4] and partners are all in Dallas, Texas, and the Defendants represented by the moving attorney have their registered process agents as Ambit Energy, LP in Dallas Texas (the main corporate address for Ambit), can still succeed its existence as a Plaintiff at this time. Under Rule 21, the Court can drop a non-diverse party, and diversity can be determined at anytime, even after a trial. Or in the alternative, the Plaintiff can withdraw without prejudice this entity as a Defendant to preserve diversity as there is no fraud or collusion. The purpose of diversity jurisdiction for the New York Plaintiffs herein is to provide a neutral forum for out-of-state parties who will be subjected to local prejudices and influences in Texas if they were forced to litigate as strangers in that state's court and it would cause great hardship for its New York witnesses to travel to Texas.

Furthermore, the Court has specific jurisdiction to hear this matter as the matter before this Court arises out of and relates to the non-residents Defendants' contact with the forum. Specific personal jurisdiction is satisfied as the Defendants purposefully directed their activities at New York residents, both consultants and customers, thereby availing themselves to the privileges of conducting activities in this forum and invoking the benefits and protections of the forum's laws. Moreover, the Defendant's internet based activities also invokes personal

---

[3] For example, Ambit claims that if a previous customer count quantified for a specific level, and a customer leaves or is slow to pay a bill, then the customer residual income for that level will be held for one month, allowing the consultant time to re-qualify and receive readjustment, but does not readjust. Likewise, the Defendants manipulated the books and records failing to properly pay the Plaintiffs in such situations from July 2007 resulting in Plaintiffs not properly being credited for their customers. In addition to residual commissions promised by Ambit, Defendant Ambit pays more for customers who use more electricity. Ambit consultants receive more money if their customers receive larger monthly bills. Ambit has had discrepancies with the bands and its payouts to Plaintiffs, and intentionally failed to make necessary adjustments following Plaintiff's requests.

[4] The Defendants' and its various LLC "members" physical and corporate operations and activities are all performed out of the State of New York. The Court may review the following tests: (a) "locus of operations" which is the physical operations; (b) the "nerve center test" which is where the activities are controlled and directed; and (c) center of the "corporate activities" test which is *what* and *where* are center production or services are conducted. All of these tests will conclude that the Defendants Ambit and its members are in Dallas, Texas and/or outside the State of New York.

jurisdiction of this Court pursuant to the sliding scale standard. The Defendants' operations through the internet, knowingly and repeated transmissions and the interactivity and commercial nature of the exchanges (consultants and customers information), all confirm specific personal jurisdiction for the Eastern District of New York Court to hear this action. Additionally, the State Long Arm Statutes likewise confirm jurisdiction of this Court as the Defendants have contacts with New York, its consultants and customers.

Additionally, the Eastern District of New York has the jurisdiction to protect the Plaintiffs' federally created rights to minimize the danger of hostility toward federally created rights and the Plaintiff's meet the over $75,000 in damages requirement. As in this matter, the Plaintiffs pleadings relief requested depends on the construction and application of the Constitution and federal laws, and these federal claims are not merely colorable but rest on a reasonable foundation, there are substantial federal questions which permit's the Plaintiffs to proceed in Federal Court. The Plaintiffs' case arises under a federal statute and federal common law issues. Even if the Defendants claim that the Plaintiffs have a private cause of action, then a private cause of action may be implied from a federal statute as (1) the Plaintiffs are part of a protected class under the statute, (2) Congress intended to create a private right, (3) a private right of action is consistent with the underlying purpose of the legislative scheme, and (4) matter is not traditionally relegated to state law as is the case under RICO[5], FTC, and discrimination[6].

The Complaint is consistent with the pleadings standard articulated by the Supreme Court in Bell Atl. Corp. vs. Twombly[7], and the Defendants' application for the Pre-Answer Motion must be denied in its entirety. The U.S. Supreme Court has held that shifted pleading standards from "simple notice pleading" to a "more heightened form of pleading," require that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss. Barbosa vs. Continuum Health Partners, Inc., et al., 716 F. Supp.2d 210 (SDNY 2010) A claim satisfies the plausibility standard when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. The evidence herein, which will include customers' bills, Plaintiffs' payout reports, and complaints against Ambit is overwhelming as to the Defendants misconduct that affects the interests of the public, consultants, and Plaintiffs. Therefore, the Plaintiffs request that the Defendants' June 13, 2011 conference letter demands be denied to protect the interests of the Plaintiffs and the public.

                                              Very truly yours,
                                              Flora Rainer, Esq.

---

[5] *See also* USA Certified Merchants, LLC vs. Steve Koebel, et. Al, 262 F. Supp.2d 319(SNDY 2003); Zaro Licensing, Inc. vs. Cinmar, et. al., 779 F. Supp. 276 (SDNY 1991).

[6] Employment discrimination cases do not need to contain specific facts establishing a prima facia case of discrimination. Swierkiewicz vs. Sorema N.A, 534 U.S. 506 (2002) A discrimination case must only include a short and plain statement of claim that give the Defendants fair notice of what the Plaintiffs' claim is and the grounds upon which it rests. Id. at 512. It is noteworthy that as the Plaintiffs are direct consultants for Ambit and not mere subcontractors, Nicole Gubin can invoke federal protections.

[7] This complaint should not be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) because the Plaintiffs have alleged enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. vs. Twombly, 127 S.Cit. 1955 (2007), Ruth Fowler vs. Scores Holding Company, Inc., 677 F. Supp. 673, 2009 U.S. Dist. Lexis 122191 (SDNY 2009) Allegations of facts must be enough to raise a right to relief above the speculative level. Id. There are various circumstantial evidence in this case on all the fifteen counts which establish "entitlement to relief." (*See also* Papasan vs. Allain, 478 U.S. 265 (1986)