# THOMPSON & KNIGHT LLP

### ATTORNEYS AND COUNSELORS

900 THIRD AVENUE • 20TH FLOOR
NEW YORK, NEW YORK 10022-4728
(212) 751-3001
FAX (212) 751-3113
www.tklaw.com

DIRECT DIAL: (212) 751.3768
EMAIL: Gabrielle.Farina@tklaw.com

AUSTIN
DALLAS
DETROIT
FORT WORTH
HOUSTON
NEW YORK

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

<u>*Via ECF*</u>                                              August 3, 2011

Honorable Allyne R. Ross
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     Pre-Motion Conference Letter Request
>          *Nicole Gubin et al v. Ambit Energy, L.P., et al*, No. CV-11-2483.

Dear Judge Ross:

Once more, we request a pre-motion conference concerning a proposed motion to dismiss Plaintiffs' Amended Civil Complaint.  The deficiencies from the Original Complaint persist, leaving unimproved much of what was addressed in the previous pre-motion conference between Your Honor and counsel.  Because the Complaint fails to properly plead subject-matter jurisdiction and any of its claims, it should be dismissed.  Despite many more, the Complaint has three main deficiencies.

<u>First</u>, Plaintiffs have failed to properly allege subject-matter jurisdiction, which is fatal.[1]  Plaintiffs continue to insufficiently plead diversity of citizenship, the requirements of which are very straightforward.  As was explained in our previous proposed Motion to Dismiss,[2] for each unincorporated association—limited partnerships and limited liability companies—Plaintiffs must plead the citizenship of each and every member.  Plaintiffs must continue this process for each member (*e.g.*, an LP member of an LP), until reaching an individual or incorporated entity; and, the citizenship of each and every member must be completely diverse from Plaintiffs' citizenship.[3]

Complete diversity is not properly alleged here because Plaintiffs fail to plead the citizenship of each and every defendant; indeed, not one of Plaintiffs' allegations concerns *citizenship*.  Instead, for each defendant, Plaintiffs allege only residency and an "address."  Further, Plaintiffs fail to allege the citizenship of *all members* of the unincorporated associations.  Plaintiffs merely state a company's name, the type of entity, <u>a</u> member or officer of some kind, and, ambiguously, that either the listed entity/member/officer *has* a particular address.  Even for the defendant-individuals, Plaintiffs fail to allege citizenship.  Worse, Plaintiffs fail to appropriately plead their own citizenship, alleging only facts of residency.[4]  Insufficient to the core, Plaintiffs' state-law claims should be dismissed.

Additionally, Plaintiffs fail to appropriately plead federal question jurisdiction—much less present a "well-pleaded complaint."  To appropriately plead federal question jurisdiction, Plaintiffs must present a federal question on the face of a "properly pleaded complaint."[5]  Plaintiffs appear to assert two claims

---

[1]     *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (Where jurisdiction is lacking . . . dismissal is mandatory.").

[2]     For this, and any other relevant requirements for standards or causes of action, Defendants are using their previously proposed motion to dismiss, which was attached to Defendants' first Pre-Motion Conference Letter Request, as a reference.

[3]     *Baer v. United Servs. Auto Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) (remanding and directing the district court to dismiss the Complaint for failure to properly plead diversity jurisdiction—Plaintiff failed to plead citizenship of all an unincorporated association's members and the Record did not show that the Defendant did *not* have members, other than the ones mentioned, with non-diverse citizenship).

[4]     Failing to allege the Plaintiffs' citizenship may itself be the basis of dismissing the Complaint.  *Haybeck v. Prodigy Servs. Co.*, 116 F.3d 465, 465 (2d Cir. 1997) (dismissing appeal because plaintiff alleged only her residency, not her citizenship).

[5]     *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

based on putative federal questions—RICO and two Title VII violations—neither of which is sufficiently pleaded.

- *RICO*: Plaintiffs omit even conclusory allegations for three essential elements: that (1) Defendants committed *two or more acts* in this regard, (2) Defendants *directly or indirectly invested in, maintained an interest in, or participated in* an enterprise affecting interstate commerce,[6] and (3) Plaintiffs' were injured in their business or property *by reason of* the alleged RICO violation. Even if Plaintiffs made conclusory allegations of these elements (along with the others it lists), Plaintiffs still lack the basic "detailed factual allegations" and "further factual enhancement" required to meet the pleading standard of Federal Rule of Civil Procedure 8 for every element.[7]
- *Title VII—Discrimination & Harassment*: Among others, Plaintiffs fail to even make a conclusory allegation of the essential element that Ms. Gubin was an employee.[8]

Therefore, Plaintiffs' allegedly federal claims should be dismissed as improperly pleaded.

In sum, want of jurisdiction alone should resolve the dismissal of Plaintiffs' Complaint because, without allegations establishing jurisdiction, this Complaint cannot be heard. Consequently, this Court may dismiss the Complaint *sua sponte* for insufficient allegations of subject-matter jurisdiction.[9] Further, we encourage the Court to deny in its discretion any supplemental jurisdiction over Plaintiffs' state-law claims, which substantially predominate in this litigation.[10]

Second, Ms. Gubin mistakenly interprets the notice from the U.S Equal Employment Opportunity Commission (EEOC) as some determination that "Plaintiffs have standing to sue due to a valid discrimination cause of action" and that Ms. Gubin was an employee and not an independent contractor.[11] Any review of the notice's substance reveals that it makes no statement whatsoever about the Plaintiffs' particular claim, its legitimacy, or her employment status. At most, the EEOC notice states (1) that the EEOC was unable to process Ms. Gubin's complaint within 180 days of her filing, and (2) a complainant's rights to sue under federal law. The letter is a legal acknowledgement of an attempt to exhaust administrative remedies.[12] Given the pro forma nature of this notice, it is irrelevant to the merits of Ms. Gubin's claims.

Third, despite want of jurisdiction, none of the remaining claims were properly pleaded. The Complaint wholly omits requisite elements and the further factual enhancement required under Rule 8 to properly plead a claim. Indeed, in the previous filing, this Court pointed out that Plaintiffs' "state law claims [were] insufficiently pleaded, all of them. The breach of contract, the fraud, the libel and slander." The below are a smattering of the many problems that remain:

---

[6]     Plaintiffs do allege that Defendants engaged in this nebulous, undescribed conduct "to acquire interests in interstate commerce of public utilities services for electricity and gas." *See* Plaintiff's Amended Civil Complaint, at 16. But such an allegation, by its very description, is not an allegation concerning direct or indirect investment, maintenance of an interest, or participation in an enterprise affecting interstate commerce.

[7]     *E.g.*, What was the pattern of racketeering activity? What constituted mail or wire fraud? How did that injure *Plaintiffs*? *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 570 (2007)).

[8]     Instead, Plaintiffs state that there was an "employment relationship" by virtue of *Plaintiffs'* "offer to work for Ambit Energy," which Ms. Gubin accepted. *See* Plaintiffs' Amended Civil Complaint, at 18. Needless to say, this neither alleges that Ms. Gubin was an employee, nor does it provide any factual basis for an inference that Ms. Gubin was not an independent contractor. Her putative status as an employee is central to any Title VII claim. Indeed, the very contract Plaintiffs attached to the Complaint states plainly that its signatories—those with the exact same position as that which Ms. Gubin alleges she occupied—are not employees, but independent contractors. *See* Plaintiffs' Amended Civil Complaint, at Exh. A ("I agree that as an Ambit Energy Independent Consultant, I am an employee, agent, partner, legal representative, or franchise of Ambit Energy.").

[9]     *See, e.g., Hakala v. Deutsche Bank AG*, 343 F.3d 111, 112 (2d. Cir. 2003) (noting the district court's dismissal of the petition *sua sponte* for failure to allege subject-matter jurisdiction; vacating trial court's holding on separate ground).

[10]    *See* 28 U.S.C. § 1367(c)(2); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (setting out guidelines for supplemental jurisdiction); *T&L Redemption Ctr. Corp. v. Phoenix Beverages, Inc.*, 752 F. Supp. 64, 69 (E.D.N.Y. 1989) (denying supplemental jurisdiction where state claim predominated); *see also Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (requiring consideration of the *Gibbs* factors after applying 28 U.S.C. § 1367).

[11]    Plaintiffs' Amended Civil Complaint, at 6, 17.

[12]    *See Bey v. Welsbach Elec. Corp.*, 28 Fed. App'x 690, at *2 (2d Cir. 2002) (noting the connection between an EEOC right-to-sue letter and the requirement to exhaust administrative remedies).

- *Breach of Contract*: Without explanation, Plaintiffs allege they entered into a contract with all 14 Defendants. While Plaintiffs allege Ms. Gubin entered into an employment consulting agreement orally (having "never signed any written contract"), Plaintiffs fail to factually develop, in seven pages, how this *oral contract* was breached (Plaintiffs state nothing about its content or promises) or how the damages sought *resulted from* some breach of the oral contract. At most, this is conclusory; thus, it is insufficient.

- *Fraud & Misrepresentation*: Despite five pages of discussion, Plaintiffs fail to allege the basic elements of either cause of action, and the facts listed are not tied together to a litigable claim. *E.g.*, Plaintiffs seek compensation for fraud to *customers*, then claim a duty under a contract, but the violation of which is simultaneously "collateral and extraneous to the employment agreement." At most unintelligible and at least lacking standing, the claims omit any allegation of the requisite elements and further factual enhancement to coherently tie together either claim.

- *Unjust Enrichment*: This cause of action is unavailable when a contract covers the claim, and thus pleading it here is inconsistent with Plaintiffs' breach of contract claim.[13]

- *Defamation*: On the elements, Plaintiffs fail to state to whom the allegedly false statement was published *without privilege or authorization*, and Plaintiffs make conclusory allegations that the statement was false, published to a third party, caused special harm or constituted defamation *per se*. Further, there is no factual enhancement describing specifically *how* Plaintiffs were injured, other than a litany of general harms, thus failing to plead special harm or defamation *per se*. Moreover, also pleading this defamation claim as libel, Plaintiffs fail to give any factual detail of Defendants' alleged negligence or actual malice.

- *Punitive & Liquidated Damages*: Plaintiffs again allege punitive damages as a cause of action, despite the fact that it is not one; and, again, Plaintiffs insufficiently allege liquidated damages by not alleging a contract providing for any liquidated damages.

- *Attorney's Fees*: Plaintiffs omit any specific grounds providing for them under state law.

Two additional considerations, which would become relevant if this Complaint is not dismissed for its deficiencies, should be noted. *First*, Plaintiffs' claims, to the extent that they are litigable, are subject to binding arbitration—Plaintiffs' only basis for a relationship with Ambit Energy, L.P. would be by written contract with a binding arbitration provision covering all claims arising out of or relating to the agreement. Also listed in that clause is a venue determination, setting any dispute resolution in Dallas, Texas. *Second*, a number of the listed Defendants may assert challenges to personal jurisdiction.

Accordingly, we respectfully request the scheduling of a pre-motion conference at the Court's convenience to discuss Defendants' contemplated motion.

Respectfully submitted,

/s/ *Gabrielle E. Farina*

Gabrielle E. Farina

cc:      Flora Rainder, Esq. (*via email and ECF*)

---

[13]   *In re First Cent. Fin. Corp.*, 377 F.3d 209, 214 n.4 (2d Cir. 2004).