**LAW OFFICE OF FLORA RAINER, ESQ.**
**7234  73RD STREET**
**GLENDALE, NEW YORK 11385**
**(718) 644-0214 / (718) 312-0876 - Fax/ FloraEsq2@aol.com**

**\*** Admitted in N.Y. & N.J.                                                                                 Also Office at:
                                                                                                  85-93  66th Avenue, 1st Floor
                                                                                                      Rego Park, New York 11374

Honorable Justice Allyne R. Ross
United States District Court                                              August 9, 2011
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                                            Re: Pre-Motion Denial Request
                                            Gubin and BH Seven, LLC vs. Ambit *et al.*  11-CV-2483

Dear Honorable Justice Ross:

I respectfully again reiterate, on behalf of my clients, Nicole Gubin and BH Seven, LLC, that the Court deny the Defendants' request[1] for a pre-Answer motion to dismiss the *now superfluous "detailed factual" Amended Summons and Amended Complaint*.  The purpose of such a motion to dismiss is clearly to continue to deflect attention from the Defendants' (collectively "Ambit") misconduct of defrauding the very individuals and customers who have enabled it to build the multi-level marketing pyramid and make profits. The Defense attorneys have failed to educate themselves as to the nature of this industry, as to the citizenship and residence of its parties as all the named corporate Defendant entities have one partner and/or President that being Jere W. Thompson, Jr[2]. They allege that there are other members without disclosing their identities, and as a result mislead your Honor. Most importantly they have failed to address that there is no signed agreement by the Plaintiffs with Ambit as to enforce an Arbitration Clause.

It is noteworthy that on August 9, 2011, I received an e-mail from Defense attorneys showing that Ambit has filed a written request for Arbitration with the American Arbitration Association in Texas[3] ignoring the role of the Eastern District of New York ("EDNY") Federal Court to determine whether such a clause exists and/or survives in this action. To this demand, Defendants attached an Agreement that came into existence *after* the Plaintiffs joined Ambit, and

---

[1]  To date, the August 3, 2011 letter has been posted to ECF, but has not been served on the Plaintiffs.
[2]  Annexed hereto as Exhibit "A" are corporate records obtained from the Texas Secretary of State, as of July 19, 2011, which show that Jere W. Thompson, Jr. is the one partner and/or president of all the named entities. My diligent search did not reveal the residence or citizenship of any other members. Defense counsel allude in the August 3, 2011 letter that there are more members who are silent/secret which raises more malicious behavior by Ambit as to why these members are not named publicly.
[3]  Annexed hereto as Exhibit "B" is the letter and Arbitration Demand which on "Page 1", Paragraph I, states that the Plaintiffs have entered into an Application and Agreement "with Ambit in July 2007." The failure to provide the exact date of this alleged contract supports the Plaintiffs' Amended Complaint that the Defendants never entered into any Application and Agreement which contains an Arbitration Clause and the Defendants are not able to produce a dated document to their Defense attorneys.

even according to its terms circumvent mediation prior to arbitration. This action must remain in the EDNY as diversity of citizenship[4] has been establish pursuant to 28 USC §1335, and there are federal questions of law to which the United States Equal Employment Opportunity Commission ("EEOC") has granted to Plaintiffs a right to sue letter, annexed hereto as Exhibit "C." The work relationship and form of compensation paid to Plaintiffs qualifies for Federal protections as determined by the EEOC[5]. The very purpose of diversity jurisdiction is to provide a neutral forum for out-of-state Plaintiffs, to avoid local prejudices and influences in Texas if they were forced to litigate as strangers in Texas courts, and it would cause great hardship for its New York Plaintiffs and witnesses to present evidence in Texas.

Furthermore, Ambit's internet based activities also invoke personal jurisdiction of the EDNY pursuant to the sliding scale standard. The Defendants' operations through the internet, knowingly and repeated transmissions and the interactivity and commercial nature of the exchanges (consultants and customers information), all confirm specific personal jurisdiction for the EDNY to hear this action. Additionally, the State Long Arm Statutes likewise confirm jurisdiction of this Court as the Defendants have contacts with New York, its employees, consultants and customers. Finally, the EDNY has the jurisdiction to protect the Plaintiffs' federally created rights to minimize the danger of hostility toward federally created rights and the Plaintiffs meet the over $75,000 in damages requirement.

The Amended Summons/Amended Complaint is consistent with the pleadings standard articulated by the Supreme Court in Bell Atl. Corp. vs. Twombly[6], and the Defendants' application for the Pre-Answer Motion must be denied in its entirety. The U.S. Supreme Court has held that shifted pleading standards from "simple notice pleading" to a "more heightened form of pleading," require that allegations in a complaint meet a standard of "plausibility" to survive a motion to dismiss. Barbosa vs. Continuum Health Partners, Inc., et al., 716 F. Supp.2d 210 (SDNY 2010)

Plaintiff Nicole Gubin entered into an employment agreement with the Defendants on or about July 22, 2007[7]. An agreement exists between the Plaintiffs and the Defendants. The

---

[4] The Defendants' and its various LLC "members" physical and corporate operations and activities are all performed out of the State of New York. The Court may review the following tests: (a) "locus of operations" which is the physical operations; (b) the "nerve center test" which is where the activities are controlled and directed; and (c) center of the "corporate activities" test which is *what* and *where* are center production or services are conducted. All of these tests will conclude that the Defendants Ambit and its members are in Dallas, Texas and/or outside the State of New York.

[5] Moreover, employment discrimination cases do not need to contain specific facts establishing a prima facia case of discrimination. Swierkiewicz vs. Sorema N.A., 534 U.S. 506 (2002) A discrimination case must only include a short and plain statement of claim that give the Defendants fair notice of what the Plaintiffs' claim is and the grounds upon which it rests. Id. at 512.

[6] This Amended Complaint should not be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6) because the Plaintiffs have alleged enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. vs. Twombly, 127 S.Cit. 1955 (2007), Ruth Fowler vs. Scores Holding Company, Inc., 677 F. Supp. 673, 2009 U.S. Dist. Lexis 122191 (SDNY 2009) Allegations of facts must be enough to raise a right to relief above the speculative level. Id. There are various circumstantial evidence in this case on all the Amended counts which establish "entitlement to relief." (*See also* Papasan vs. Allain, 478 U.S. 265 (1986)

[7] On October 18, 2010, the Plaintiff Nicole Gubin became a solo proprietor of a New York domestic

Plaintiff was *orally* solicited to join Ambit Energy, *Plaintiff's required information to join Ambit Energy was provided to Defendants by telephone through her immediate sponsor Yuriy Kasparov and Kasparov's sponsor whereby Plaintiff orally entered into this agreement*, National Consultant Steven Thompson approved Plaintiff's information and credit card payment over the telephone, Plaintiff never signed any written contract nor was she given any agreement or application to sign[8]. After Plaintiff's credit card payment was accepted through the telephone, Plaintiff received a starter kit in the mail several days later and access to Power Zone, access to the back office communications and real-time business monitoring software and reporting tools enabling Plaintiffs to be employed[9] for Defendants, to sell its goods and services being gas and electricity energy supplies to customers and introduce new consultants on her downline on a pyramid scheme company structure. Plaintiffs would also receive weekly consultant leadership bonuses and monthly residual bonuses, and additional performance bonuses. Upon the execution of the agreement, the Plaintiff was never informed that she was subjecting herself to any binding arbitration clause or the laws of the State of Texas.

Every single federal and state law claim has been <u>sufficiently</u> pleaded in the Amended Summons/Amended Complaint. Each and every claim in the Amended Complaint satisfies the *plausibility* standard as the Plaintiffs have pled sufficient factual content that allows your Honor to draw the *reasonable inference* that the Defendants are liable for the misconduct alleged in all the counts of the Amended Complaint. <u>*After reading the Plaintiffs' well-pleaded Amended Complaint*</u>, Defendants and their attorneys who are not well versed in Ambit's structure, demonstrated vulnerability to fight in EDNY by pre-maturely applying for arbitration (even in violation of its current policies and procedures requiring mediation before arbitration), as they recognized the strength of the Plaintiffs' valid causes of actions.

The Plaintiffs request that the Defendants' August 3, 2011 letter requesting the scheduling of the pre-motion conference be denied to protect the interests of the Plaintiffs and the public and to avoid unnecessary burden to all parties and the Court, and allow this matter to proceed to discovery and trial.

Very truly yours,

Flora Rainer, Esq.

---

limited liability company known BH Seven, LLC., and requested that her interests in Ambit Energy be transferred from her personal name to BH Seven. Currently, the Plaintiffs are titled Executive Consultants for Ambit Energy due to their success of bringing in new consultants and customers into the Defendants' business.

[8] The Plaintiff was one of the original consultants in the State of New York, and initially consultants were signing up over the telephone without any written papers signed. Later, however, Defendants procedures required that new consultants sign an agreement, annexed to the Amended Complaint as Exhibit "A" and this information was entered by sponsoring consultants via Ambit Energy's internet website. Several weeks after new consultants' executed the written agreement, a start up kit arrives in the mail and consultants can access the Ambit website through which transactions are performed to sign up new consultants and new customers and to monitor the pyramid downline activities.

[9] The Plaintiffs fall under EEOC's category of employees because they receive weekly payments and monthly residuals, as well as after 36 months they are vested into lifetime residual payments similar to pension and 401K plans based on Ambit Energy's terms of compensation unlike independent consultants who negotiate and submit their own compensations. Plaintiffs received a right to sue letter from EEOC for this matter (See Exhibit "C").