UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BH SEVEN, LLC,

           Plaintiff,

   -against-

AMBIT ENERGY, L.P., JERE W. THOMSON, JR., and
CHRIS CHAMBLESS

           Defendants.

------------------------------------------------------------X

11-CV-2483 (ARR) (RER)

OPINION AND ORDER

ROSS, United States District Judge:

After two futile attempts to amend the significant substantive and jurisdictional infirmities in its original Complaint, plaintiff was granted the opportunity to file a fourth and final complaint. See Dkt. # 39, at 23-24. At the same time, the court noted the considerable resources that defendants had expended in defending against plaintiffs' successive, deficient complaints. Id. at 23. Accordingly, the court conditioned the filing of plaintiffs' final complaint upon payment of the reasonable attorneys' fees and costs that defendants had incurred in moving to dismiss plaintiff's Second Amended Complaint. Id. at 24. Plaintiff was given thirty days from the court's August 13, 2012 order to file its final amended complaint.[1] Id. at 24-25.

Instead of doing so, however, plaintiff filed a Notice of Voluntary Dismissal on September 9, 2012. Dkt. # 40. Plaintiff's maneuver appears to be an attempt to circumvent the court's order that it pay defendants' fees and costs—while preserving plaintiff's option to file yet another complaint. Defendants opposed such an outcome, arguing that plaintiff's Second Amended Complaint should instead be dismissed with prejudice. Dkt. # 41, at 4.

---

[1] The court's August 13, 2012 Opinion and Order sets forth in detail the procedural history of this case. Dkt. # 39.

1

Under Federal Rule of Civil Procedure 41, a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. Pro. 41(a)(1)(A)(i). No answer or motion for summary judgment has been filed in this case. Accordingly, the plain language of Rule 41 compels the court to permit plaintiff to dismiss its action without prejudice.

Defendants argue that the court has the discretion to vacate a voluntary notice of dismiss "where equitable considerations exist," Dkt. #41, at 3. To support this contention, they cite the Second Circuit's decision in <u>Harvey Aluminum Inc. v. American Cyanamid Co.</u>, 203 F.2d 105 (2d Cir. 1953). In <u>Harvey Aluminum</u>, plaintiffs moved for and obtained a temporary restraining order pending the resolution of their motion for a preliminary injunction against defendant's transfer of certain assets. <u>Id.</u> at 107. After an evidentiary hearing spanning several days and producing a record of around 420 pages, the district court dissolved the temporary stay and denied a preliminary injunction. <u>Id.</u> In doing so, the court explained that plaintiffs' chance of success on the merits were "remote, if not completely nil." <u>Id.</u> (internal quotation marks omitted). Subsequently, plaintiffs amended their complaint, appealed the denial of a preliminary injunction, and applied for a stay pending resolution of the appeal. <u>Id.</u> Defendants, in turn, obtained an <u>ex parte</u> order staying plaintiffs and directing them to show cause why they should not be enjoined from initiating a legal proceeding in any other jurisdiction involving the same subject matter. <u>Id.</u> Before the return date of the order to show cause, plaintiffs filed a notice of voluntary dismissal. <u>Id.</u>

In determining whether plaintiff's maneuver comported with Rule 41(a), the Second Circuit took into consideration the significant expenditure of resources that had already occurred. <u>See id.</u> It also observed that "the merits of the controversy [had been] squarely raised" and that

the "district court in part based its denial of the injunction on its conclusion that the plaintiffs' success on the merits was small." Id. at 107-08. Based on these factors, the court concluded that although defendants had yet to file an answer or motion for summary judgment, "a literal application of [Rule 41(a)(1)(i)] to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." Id. at 108.

Harvey Aluminum, however, "has not been well received." Thorp v. Scarne, 599 F.2d 1169, 1175 (2d Cir. 1979); see id. (citing cases). In Thorp v. Scarne, the Second Circuit recognized that "Harvey Aluminum may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings." Id. at 1175. However, the court qualified, "it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action." According greater weight to "[t]he wisdom of the bright-line test," the Second Circuit limited the exceptions to Rule 41(a)(1)(i), holding "that at least in cases falling short of the extreme exemplified by Harvey Aluminum, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur." Id. at 1176.

Here, the court is sympathetic to the prejudice defendants have suffered in responding to plaintiff's successive, defective complaints. Nonetheless, the circumstances of this case "fall[] short of the extreme exemplified by Harvey Aluminum." Id. Specifically, the proceedings remain in a relatively early stage of litigation; the resources that have been expended do not compare to those spent in Harvey Aluminum; and the court has yet to address the merits of the case through an interlocutory proceeding. Accordingly, the court lacks the discretion to deviate

from Rule 41(a)(1)(i), and cannot vacate plaintiff's notice of voluntary dismissal.

Nevertheless, defendants are not left without protection against duplicative future litigation. Under Rule 41(d):

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> **(1)** may order the plaintiff to pay all or part of the costs of that previous action; and
>
> **(2)** may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Rule 41(d) "'serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed.'" Adams v. N.Y. State Edu. Dep't, 630 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quoting New Phone Co. v. N.Y.C. Dep't of Info. Tech. & Telecomm., Nos. 06-CV-3529, 07-CV-2474, 2007 WL 2908110, at *16 (E.D.N.Y. Oct. 5, 2007)); accord Gordon v. Kaleida Health, No. 08-CV-950S, 2012 WL 1965671, at *1 (W.D.N.Y. May 31, 2012) (explaining that courts most often impose costs under Rule 41(d) where a plaintiff has brought the same, or very similar, claim, seeking the same, or very similar, relief); see also Stiftung v. Sumitomo Corp., No. 99 CIV 1108(BSJ), 2001 WL 1602118 at *9 ("The intended purpose of Rule 41(d)—namely, to deter forum shopping and vexatious litigation[]—is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the [prior] suit was to avoid this court's . . . [o]rders.") (internal quotation marks and citation omitted). In addition, "[a]lthough Rule 41(d) does not explicitly provide for an award of attorney's fees as part of 'costs,' the weight of authority in this Circuit supports such an award." Hintergerger v. Catholic Health Sys., No. 08-CV-952S, 2012 WL 1965435, at *1 (W.D.N.Y. May 31, 2012) (citing New Phone Co., 2007 U.S. Dist. LEXIS 74693, at *50). Payment of attorneys' fees is generally awarded as "compensation for work done in the first action that

4

cannot be used in a second existing or contemplated action." Gordon, 2012 WL 1965671, at *1; see, e.g., Adams, 610 F. Supp. 2d at 343-46.

In light of the foregoing, the court declines to vacate plaintiff's notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). However, plaintiff is put on notice that it may be subject to the payment of defendants' costs and fees under Rule 41(d) should it attempt to file a new complaint, based on substantially similar causes of action, in this or any other court. See, e.g., Activox, Inc. v. Envirotech Corp., 532 F.Supp. 248, 251 (S.D.N.Y. 1981) ("Whatever the strategy of [plaintiff] may have been in dismissing its prior action, by virtue of Fed. R. Civ. P. 41(d) it is now subject to '"the payment of costs of the action previously dismissed."'"). The Clerk of Court is directed to close this case.

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: September 24, 2012
Brooklyn, New York