1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - X
NICOLE GUBIN AND BH SEVEN,      : 11-CV-2483(ARR)
LLC,                            :
                                :
        Plaintiffs,             :
                                : United States Courthouse
    -against-                   : Brooklyn, New York
                                :
                                :
                                :
                                : Thursday, June 30, 2011
AMBIT NEW YORK, LLC, AMBIT      : 4:00
ENERGY FUNDING, LLC, AMBIT      :
HOLDINGS, LLC, ET AL,           :
                                :
        Defendants.             :
- - - - - - - - - - - - - - - - X
```

TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE ALLYNE R. ROSS
UNITED STATES SENIOR DISTRICT JUDGE

A P P E A R A N C E S:

For the Plaintiffs:   LAW OFFICE OF FLORA RAINER, ESQ.
                      Attorney for the Plaintiffs -
                      Nicole Gubin and BH Seven, LLC
                           7234 73rd Street
                           Glendale, New York 11385
                      BY: FLORA RAINER, ESQ.

For the Defendants:   THOMPSON & KNIGHT, LLP
                      Attorneys for the Defendants -
                      Ambit New York, LLC, Ambit Energy
                      Funding, LLC, Ambit Holdings, LLC, et
                      al
                           919 Third Avenue
                           39th Floor
                           New York, New York 10022
                      BY: GABRIELLE ELISE FARINA, ESQ.

*Anthony D. Frisolone, FAPR,  RDR, CRR, CRI, CSR*
*Official Court Reporter*

2

A P P E A R A N C E S: (Continued.)

          THOMPSON & KNIGHT, LLP
          Attorneys for the Defendants -
          Ambit New York, LLC, Ambit Energy
          Funding, LLC, Ambit Holdings, LLC, et al
             1722 Routh Street
             Suite 1500
             Dallas, Texas 10022
        BY: STEPHEN C. RASCH, ESQ.

Court Reporter:   Anthony D. Frisolone, FAPR, RDR, CRR, CRI
                Official Court Reporter
                Telephone: (718) 613-2487
                Facsimile: (718) 613-2694
                E-mail: Anthony_Frisolone@nyed.uscourts.gov

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

```
                     Telephone Conference                    3
```

1           (The following takes place in judge's chambers.)
2           (Parties appear via telephone.)
3           MS. RAINER:  Hello?
4           THE COURT:  Hello?  Ms. Rainer, are you on?
5           MS. RAINER:  Yes.
6           THE COURT:  Ms. Farina?
7           MS. FARINA:  Yes.
8           THE COURT:  And is it Mr. Rasch; is that correct?
9           MR. RASCH:  It is, your Honor.
10          THE COURT:  Okay.  And is that everybody?
11          MR. RASCH:  Yes, your Honor, on our side.
12          THE COURT:  Okay, that's fine.
13                Let me tell you that I have a court reporter
14    here who is taking the minutes of this proceeding and it
15    would greatly facilitate a clear transcript if you would
16    identify yourselves by name before you speak, all right?
17                I have read through the letters, plaintiff's
18    complaint, obviously, some of the other matters that were
19    presented last week and I've also read the attachment which
20    is defendant's motion.  I think we have some work to do in
21    this case.
22                Ms. Rainer, let me say that I think the
23    complaint presents a number of difficulties, one of which is
24    that I've had a hard time deciphering it.  But apart from
25    that, it appears to be inadequate in a number of respects

Telephone Conference                                    4

1  that I want to discuss with you because what I would like to
2  do is give you an opportunity to replead your best and final
3  complaint.  I don't want to go through multiple motions with
4  leaves to amend, I just want to do it once.
5              So, on the understanding that I am granting
6  leave to amend right now, do you understand that this is the
7  last time, this will be your raft pleading, right?
8           MS. RAINER:  Your Honor, I understand.  But I have
9  a little bit of difficulty to consent that this would be a
10 final.  I would have liked to reserve my rights.
11          THE COURT:  In terms of the sufficiency of the
12 complaint, you know, it could be that if you go into
13 discovery near the end of discovery, you may discovery that
14 you had another cause of action to add to your complaint,
15 I'm not talking about that.  I'm talking about I don't want
16 it go through multiple rounds of pleading and repleading
17 just to get going.
18          MS. RAINER:  I understand.
19          THE COURT:  Okay.  That's fine.
20              Let me talk first about jurisdiction.  I
21 think that the defendants have a valid point that insofar as
22 you are seeking it, I don't know whether or not you are
23 relying on diversity jurisdiction, but if you are, it is not
24 sufficiently pleaded in this case.  Obviously, you do have
25 to look to each of the defendants individually and plead

```
                    Telephone Conference                    5

 1   diversity individually.  You have partnerships and LLCs and
 2   you don't know the citizenship of the members or partners.
 3              So, if you want to plead diversity, you're
 4   just going to have to tease it all out and plead it.
 5              Do you understand?
 6          MS. RAINER:  Yes.
 7          THE COURT:  There is a lot of case law in this
 8   district about how you go about doing that and it just has
 9   to be done, so.
10              Insofar as you are asserting federal claims,
11   similarly to the defendant, I am assuming that you have made
12   four different assertions.  You have relied on the Federal
13   Trade Commission Act, 15 U.S.C. Section 45(a).  As far as I
14   know, there is no private right of action.
15              Now, I would suggest that you look into that
16   and if you're serious about that, then do something.  But,
17   if you're not satisfied that you have a good-faith basis to
18   plead a private right of action under the Federal Trade
19   Commission Act, I would strongly suggest that you not try
20   to.
21              When you refer to the Natural Gas Act, are
22   you talking about 15, United States Code, Section 717?  What
23   are you talking about?
24          MS. RAINER:  I believe possibly, I don't have the
25   whole file in front of me, I just took a break from a
```

1   deposition to make this call and I don't have the file in
2   front of me.  I would have quoted it, I believe.
3              THE COURT:  No, there is nothing quoted.
4              MS. RAINER:  Okay.
5              THE COURT:  There's not even a statute cited, so
6   we tried to figure out what you meant.
7              Now, we thought maybe you meant 15,
8   United States Code, Section 717.  I don't know if that's
9   what you intended, but even if you did, there's -- I don't
10  believe there's a private right of action under that either
11  so, I want you to look very carefully.
12             You're going to have to really dissect your
13  pleading yourself and put it back together in a way that
14  we'll be able to deal with it.
15             The third potential federal action is the
16  RICO, that does not begin to plead a RICO.  There is many,
17  many things that must be plead in order to satisfy the RICO
18  statute and that's something that you're going to have to
19  look into independently.
20             There are some things that lead me to believe
21  perhaps that you would never be able to plead a RICO, one of
22  which is I don't think you can plead any RICO predicate.
23  Somewhere else in your complaint, you refer to -- you don't
24  directly refer to wire fraud as a RICO predicate, let me
25  assume that that's what you intended.  But you have to go to

Telephone Conference 7

1 the RICO statute, you have to sufficiently plead facts that
2 would support all of the elements of a RICO claim, and you
3 would have to sufficiently plead if it's wire fraud or if
4 it's mail fraud, whatever it is the elements of that.
5          One of the problems that I see with your
6 pleading is that it seems that each claim of fraud is a
7 claim that is intrinsic to the contract, not extrinsic to
8 the contract and that will not be sufficient when
9 essentially what you're saying is you were defrauded because
10 somebody breached the contract in a certain way that's not a
11 fraud, that's a breach of contract.
12          So, I think you're going to have to look very
13 closely at that, too, because that would eliminate even
14 common law fraud.
15          As to your employment discrimination,
16 assuming it's a Title VII claim, you have actually, I mean,
17 in my mind, your complaint pleads that you are a consultant
18 which, by definition, is not an employee.
19          Now, I don't know whether you have facts that
20 would establish that you are an employee as distinguished
21 from an independent contractor but particularly, in light of
22 the relationship as you've set it forth in the existing
23 pleading, you're going to have to plead a sufficient factual
24 basis to lead to the plausible conclusion that you may be an
25 employee as distinguished from an independent contractor.

Telephone Conference 8

1  But you have called the relationship, the
2 relationship as one of a consultant and described it in a
3 way that it's hard to imagine that either you, either
4 Ms. Rubin or her corporation that she created, to do this is
5 the employee of the defendant. So, that's another problem
6 that I think you're going to have to address.
7  Let me ask you this, it's not even entirely
8 clear what this contract is.
9  Is this an oral contract?
10  MS. FARINA: Hello.
11  THE COURT: Do we still have everybody?
12  MR. RASCH: Judge, this is Steve Rasch, I think
13 that my colleague in New York, Gabrielle Farina, just
14 dropped off. I know that was unintentional. We can
15 continue the conference because I'm still on and hopefully
16 Gabrielle can dial back in.
17  THE COURT: Ms. Rainer, is the contract a written
18 contract or an oral contract?
19  MS. RAINER: It's a written contract. It's a
20 written contract that's done online over the Internet.
21  THE COURT: Okay. But you can get a copy of that
22 and attach that to your amended pleading, I assume?
23  MS. RAINER: Yes.
24  THE COURT: Okay. Well, I mean, assuming we get
25 past all these other --

1    MS. FARINA:  I apologize, your Honor.  I lost the
2  call somehow.
3    THE COURT:  I understand.  I just -- the only
4  thing that's gone on your absence is I ascertained from
5  Ms. Rainer is that the contract is a written contract
6  obtained from the Internet, it is not an oral contract and
7  Ms. Rainer presumably, if there is a repleading, will be
8  attaching that to the repleading so we will know what the
9  contract is.
10    I guess that raises the question to me that
11  defendants can answer is that the contract you were
12  referring to when you said there was a forum selection
13  clause?
14    MR. RASCH:  Yes, your Honor there is a forum
15  selection clause and there is also a mandatory arbitration
16  clause.
17    And, your Honor, you may or may not want us
18  to get into this at this point, but from our standpoint,
19  there are many aspects of this pleading that I would
20  characterize as reckless including the inclusion of a whole
21  number of parties that couldn't have any conceivable
22  connection to this case.
23    One example being the Trinity River
24  Commission Foundation, Inc., which is a nonprofit
25  organization that the president of Ambit served on a number

1  of years ago.  That has to do with a river that is located
2  in the Dallas area that has no conceivable connection to
3  Ambit or Ms. Rainer's client.  And it appears to me that
4  there was just a Google search done and any organization
5  that showed Jerry Thompson was named in this complaint.
6              THE COURT:  Ms. Rainer, let me simply say I don't
7  know whether or not what Mr. Rasch has just said is
8  perfectly accurate or not but I am asking that you will
9  clean up this pleading in every way and take Rule 11
10 seriously, okay?  And that's both in terms of your causes of
11 action, in terms of your defendant, in terms of your basis
12 of jurisdiction, in terms of the facts supporting any claim
13 that you make.
14              I am concerned, if you're relying on a
15 contract that has an arbitration selection and a forum
16 selection clause, that leads me to wonder honestly whether
17 this is something you should seriously consider before you
18 replead here or perhaps what you want to do is narrow your
19 complaint down to whatever it really is and bring it in the
20 appropriate forum to begin with so you don't end up doing
21 unnecessary litigation in the Eastern District of New York.
22              I'm not asking you to answer any of these
23 questions right now, I'm just putting all of them out there.
24 It may be that what your lawsuit really is, is a limited
25 one, doesn't have 12 causes of action, maybe it has one or

1  two causes of action and there may be another place where
2  you have to be, not here.
3              I am also concerned about your including
4  defendants who have nothing to do with the case.  And let me
5  also say in addition to that, I mean, even the state law
6  claims are insufficiently pleaded, all of them.  The breach
7  of contract, the fraud, the libel and slander.
8              What you really -- you ought to decide what
9  your lawsuit is about or what your actual claim really is
10 and decide where it ought to be brought.  And you know, I
11 leave you free to do whatever you deem to be appropriate
12 there, obviously, but I am concerned.  I mean, there could
13 be repercussions if you don't do your very best to adhere to
14 that.
15             In any event, beyond that, it's not clear to
16 me what to say.  I think you ought to start from scratch and
17 just making it long won't do it.  You've got to determine
18 whether this court has jurisdiction and what the basis of
19 that is and plead everything that needs to be pleaded to
20 ensure that you're going to have jurisdiction in this court.
21 You're going to need to be sure whether you're in the right
22 forum because if, in fact, your contract is restricted by a
23 forum selection clause and an arbitration clause, you're
24 going to have a problem.
25             But if you are in the right forum, you're

1  going to have to plead not only the jurisdictional bases but
2  you're going to have to look at each cause of action you
3  actually decide to assert, look at the elements of any one
4  claim, be absolutely certain that you have factually pleaded
5  the existence of each element.
6           You can't just plead a conclusory element,
7  you have to plead the facts.  I don't know if I've been
8  clear or if you have any questions, but what I want you to
9  do is just take some time and do it right or choose not to
10 do it here, choose to do it another way.
11          Now, how long would you like to do that?
12          MS. RAINER:  I am going away on vacation for the
13 next two weeks, I would like until July 22nd.
14          THE COURT:  That's fine.  I'm going to give you as
15 much time as you want because I think it's important for you
16 to do this right.  As far as I am concerned, this is the
17 last pleading, you understand?
18          MS. RAINER:  Yes, I understand.
19          THE COURT:  Okay.  Well, then, it is possible that
20 you will be filing on or before July 22nd, or if you decide
21 you're going to decide to do something different for
22 whatever reason, and I really don't know the merits of
23 anything at this point as everybody knows, but if you decide
24 to do something different would you let us know sooner than
25 that date that you would not be filing the suit.

1           MS. RAINER:  Or if I need an extension.
2           THE COURT:  Or if you need an extension I will
3    give you an extension.
4           MS. RAINER:  Thank you, your Honor.
5                I did see the contract.  I believe that there
6    are issues that can, that will result in the staying in the
7    Eastern District especially with the high-tech technology,
8    how things are done through Internet, and I just believe
9    that there are issues.
10          THE COURT:  Well, let me simply say whatever those
11   issues, I want you to be certain that you understand that it
12   is your responsibility to research those issues and be sure
13   that you have a clear legal argument before you do it, okay?
14          MS. RAINER:  Yes.
15          THE COURT:  All right.  Then I'm going to
16   anticipate that we'll get a pleading from you by July 22nd.
17   If you need more time, let me know, I'm happy to give it to
18   you.  And if you choose not to do that, we will hear from
19   you that you're not going to pursue it here but that you're
20   going to pursue it elsewhere, okay?
21          MS. RAINER:  Yes, your Honor.
22          THE COURT:  Is there anything else?
23          MR. RASCH:  Your Honor, may I raise one thing?
24          THE COURT:  Yes.
25          MR. RASCH:  Very shortly before this call began,

1  we received an ECF notice of another pleading apparently
2  filed by Ms. Rainer's and the ECF notice, the docket text
3  says, "Motion for Order to Show Cause, motion for Temporary
4  Restraining Order."  It says, "Awaiting counsel to e-mail
5  the document, too large to scan."  I don't know what this
6  pleading is.
7              THE COURT:  Ms. Rainer's had filed a motion for a
8  Temporary Restraining Order and a Preliminary Injunction on
9  Friday which I denied so that's what that is.
10             MR. RASCH:  I'm sorry, your Honor, a week last.
11             THE COURT:  This past Friday.
12             MR. RASCH:  Okay.  We were never served with that.
13             THE COURT:  I know, because it was ex parte.  But
14 it will be in the court file and I don't know quite what
15 else to say.  There's no reason for you not to have it but
16 it was denied.
17             MR. RASCH:  Sure, okay, your Honor.  Just so I
18 understand, there's nothing that we need to respond to at
19 this point?
20             THE COURT:  There is nothing you need to respond
21 to at this point, we don't have a complaint.
22             MR. RASCH:  I wanted to get that clarification
23 just because we received ECF notices and we didn't know what
24 it was.
25             THE COURT:  I hadn't seen it but that's what it

1   was.  There was a TRO, and Motion For Preliminary Injunction
2   filed and that was it.  There was a handwritten notation on
3   the motion that denied the motion.
4           MR. RASCH:  Sure.  Thank you, your Honor.
5           MS. RAINER:  For some reason, I did not receive
6   the notice for ECF, I'm not sure why.  Maybe somehow I
7   didn't see it.
8           THE COURT:  I don't know, Ms. Rainer's, I haven't
9   looked for it.  If it came to Mr. Rasch, I'm not sure why it
10  didn't come to you.  I can look at the docket number right
11  now and see if I see anything.
12          MR. RASCH:  The notice, your Honor, of the filing
13  of the motion came to us about three minutes before this
14  call was scheduled to begin and I see now that while this
15  call was in progress I did get the Court's order with the
16  handwritten note.  So, it literally came in the last few
17  minutes.
18          THE COURT:  So, I'm sure, Ms. Rainer's, that you
19  got it, too, it just happened okay?
20          MS. RAINER:  Okay.
21          THE COURT:  If it's gotten to your adversary it
22  should have gotten to you.
23          MS. RAINER:  Okay.
24          THE COURT:  And if you have any problem, call the
25  clerk's office or whatever.  But I'm assuming it's got to be

1   on ECF.

2           MS. RAINER:  Okay.

3           THE COURT:  Okay.

4               All right.  If no one has anything else,

5   we'll leave it here.  If, Ms. Rainer's or Mr. Rasch, if you

6   want a copy of the minutes, I will put the court reporter

7   on.

8               Does anybody want it at this point or are you

9   going to order at a later time if you wish?

10          MR. RASCH:  This is Steve Rasch.

11              We would like a copy of the minutes and we

12  would like to take the opportunity to speak to the court

13  reporter.

14          THE COURT:  He will get all the information from

15  you, okay?

16          MR. RASCH:  Sure.

17          (WHEREUPON, the proceedings were adjourned.)

18

19                          *   *   *

20              CERTIFICATE OF REPORTER

21
    I certify that the foregoing is a correct transcript of the
22      record of proceedings in the above-entitled matter.

23

24
    _____
25  Anthony D. Frisolone, FAPR, RDR, CRR, CRI
    Official Court Reporter

### 1

**10022** [2] - 1:21, 2:5
**11** [1] - 10:9
**11-CV-2483(ARR** [1] - 1:3
**11385** [1] - 1:16
**12** [1] - 10:25
**15** [3] - 5:13, 5:22, 6:7
**1500** [1] - 2:5
**1722** [1] - 2:4

### 2

**2011** [1] - 1:7
**22nd** [3] - 12:13, 12:20, 13:16

### 3

**30** [1] - 1:7
**39th** [1] - 1:21

### 4

**45(a)** [1] - 5:13
**4:00** [1] - 1:8

### 6

**613-2487** [1] - 2:8
**613-2694** [1] - 2:9

### 7

**717** [2] - 5:22, 6:8
**718** [2] - 2:8, 2:9
**7234** [1] - 1:16
**73rd** [1] - 1:16

### 9

**919** [1] - 1:20

### A

**able** [2] - 6:14, 6:21
**above-entitled** [1] - 16:22
**absence** [1] - 9:4
**absolutely** [1] - 12:4
**accurate** [1] - 10:8
**Act** [3] - 5:13, 5:19, 5:21
**action** [9] - 4:14, 5:14, 5:18, 6:10, 6:15, 10:11, 10:25, 11:1, 12:2
**actual** [1] - 11:9
**add** [1] - 4:14
**addition** [1] - 11:5
**address** [1] - 8:6
**adhere** [1] - 11:13
**adjourned** [1] - 16:17
**adversary** [1] - 15:21
**ago** [1] - 10:1
**aided** [1] - 2:11
**AL** [1] - 1:9
**al** [2] - 1:20, 2:4
**ALLYNE** [1] - 1:12
**AMBIT** [3] - 1:8, 1:8
**Ambit** [8] - 1:19, 1:19, 2:3, 2:3, 9:25, 10:3
**amend** [2] - 4:4, 4:6
**amended** [1] - 8:22
**AND** [1] - 1:3
**answer** [2] - 9:11, 10:22
**Anthony** [2] - 2:7, 16:25
**anthony_Frisolone@nyed.uscourts.gov** [1] - 2:9
**anticipate** [1] - 13:16
**apart** [1] - 3:24
**apologize** [1] - 9:1
**appear** [1] - 3:2
**appropriate** [2] - 10:20, 11:11
**arbitration** [3] - 9:15, 10:15, 11:23
**area** [1] - 10:2
**argument** [1] - 13:13
**ascertained** [1] - 9:4
**aspects** [1] - 9:19
**assert** [1] - 12:3
**asserting** [1] - 5:10
**assertions** [1] - 5:12
**assume** [2] - 6:25, 8:22
**assuming** [4] - 5:11, 7:16, 8:24, 15:25
**attach** [1] - 8:22
**attaching** [1] - 9:8
**attachment** [1] - 3:19
**Attorney** [1] - 1:15
**Attorneys** [2] - 1:18, 2:2
**Awaiting** [1] - 14:4

### B

**bases** [1] - 12:1
**basis** [4] - 5:17, 7:24, 10:11, 11:18
**BEFORE** [1] - 1:12
**began** [1] - 13:25
**begin** [3] - 6:16, 10:20, 15:14
**best** [2] - 4:2, 11:13
**beyond** [1] - 11:15
**BH** [2] - 1:3, 1:15
**bit** [1] - 4:9
**breach** [2] - 7:11, 11:6
**breached** [1] - 7:10
**break** [1] - 5:25
**bring** [1] - 10:19
**Brooklyn** [1] - 1:5
**brought** [1] - 11:10
**BY** [3] - 1:17, 1:22, 2:6

### C

**carefully** [1] - 6:11
**case** [5] - 3:21, 4:24, 5:7, 9:22, 11:4
**CAUSE** [1] - 1:11
**causes** [3] - 10:10, 10:25, 11:1
**certain** [3] - 7:10, 12:4, 13:11
**CERTIFICATE** [1] - 16:20
**certify** [1] - 16:21
**chambers** [1] - 3:1
**characterize** [1] - 9:20
**choose** [3] - 12:9, 12:10, 13:18
**cited** [1] - 6:5
**citizenship** [1] - 5:2
**CIVIL** [1] - 1:11
**claim** [7] - 7:2, 7:6, 7:7, 7:16, 10:12, 11:9, 12:4
**claims** [2] - 5:10, 11:6
**clarification** [1] - 14:22
**clause** [6] - 9:13, 9:15, 9:16, 10:16, 11:23
**clean** [1] - 10:9
**clear** [5] - 3:15, 8:8, 11:15, 12:8, 13:13
**clerk's** [1] - 15:25
**client** [1] - 10:3
**closely** [1] - 7:13
**Code** [2] - 5:22, 6:8
**colleague** [1] - 8:13
**Commission** [3] - 5:13, 5:19, 9:24
**common** [1] - 7:14
**complaint** [10] - 3:18, 3:23, 4:3, 4:12, 4:14, 6:23, 7:17, 10:5, 10:19, 14:21
**Computer** [1] - 2:11
**Computer-aided** [1] - 2:11
**computerized** [1] - 2:10
**conceivable** [2] - 9:21, 10:2
**concerned** [4] - 10:14, 11:3, 11:12, 12:16
**conclusion** [1] - 7:24
**conclusory** [1] - 12:6
**CONFERENCE** [1] - 1:11
**conference** [1] - 8:15
**connection** [2] - 9:22, 10:2
**consent** [1] - 4:9
**consider** [1] - 10:17
**consultant** [2] - 7:17, 8:2
**continue** [1] - 8:15
**continued** [1] - 2:1
**contract** [20] - 7:7, 7:8, 7:10, 7:11, 8:8, 8:9, 8:17, 8:18, 8:19, 8:20, 9:5, 9:6, 9:9, 9:11, 10:15, 11:7, 11:22, 13:5
**contractor** [2] - 7:21, 7:25
**copy** [3] - 8:21, 16:6, 16:11
**corporation** [1] - 8:4
**correct** [2] - 3:8, 16:21
**counsel** [1] - 14:4
**court** [6] - 3:13, 11:18, 11:20, 14:14, 16:6, 16:12
**Court** [3] - 2:7, 2:8, 16:25
**Court's** [1] - 15:15
**Courthouse** [1] - 1:5
**created** [1] - 8:4
**CRI** [2] - 2:7, 16:25
**CRR** [2] - 2:7, 16:25

### D

**Dallas** [2] - 2:5, 10:2
**date** [1] - 12:25
**deal** [1] - 6:14
**decide** [6] - 11:8, 11:10, 12:3, 12:20, 12:21, 12:23

**deciphering** [1] - 3:24
**deem** [1] - 11:11
**defendant** [1] - 10:11
**defendant's** [1] - 3:20
**defendants** [5] - 1:10, 4:21, 4:25, 9:11, 11:4
**Defendants** [3] - 1:18, 1:18, 2:2
**definition** [1] - 7:18
**defrauded** [1] - 7:9
**denied** [3] - 14:9, 14:16, 15:3
**deposition** [1] - 6:1
**described** [1] - 8:2
**determine** [1] - 11:17
**dial** [1] - 8:16
**different** [3] - 5:12, 12:21, 12:24
**difficulties** [1] - 3:23
**difficulty** [1] - 4:9
**directly** [1] - 6:24
**discovery** [3] - 4:13
**discrimination** [1] - 7:15
**discuss** [1] - 4:1
**dissect** [1] - 6:12
**distinguished** [2] - 7:20, 7:25
**District** [2] - 10:21, 13:7
**DISTRICT** [3] - 1:1, 1:1, 1:12
**district** [1] - 5:8
**diversity** [3] - 4:23, 5:1, 5:3
**docket** [2] - 14:2, 15:10
**document** [1] - 14:5
**done** [4] - 5:9, 8:20, 10:4, 13:8
**down** [1] - 10:19
**dropped** [1] - 8:14

**E**

**E-mail** [1] - 2:9
**e-mail** [1] - 14:4
**EASTERN** [1] - 1:1
**Eastern** [2] - 10:21, 13:7
**ECF** [5] - 14:1, 14:2, 14:23, 15:6, 16:1
**either** [3] - 6:10, 8:3
**element** [2] - 12:5, 12:6
**elements** [3] - 7:2, 7:4, 12:3
**eliminate** [1] - 7:13
**ELISE** [1] - 1:22
**elsewhere** [1] - 13:20
**employee** [4] - 7:18, 7:20, 7:25, 8:5
**employment** [1] - 7:15
**end** [2] - 4:13, 10:20
**ENERGY** [1] - 1:8
**Energy** [2] - 1:19, 2:3
**ensure** [1] - 11:20
**entirely** [1] - 8:7
**entitled** [1] - 16:22
**especially** [1] - 13:7
**ESQ** [4] - 1:14, 1:17, 1:22, 2:6
**essentially** [1] - 7:9
**establish** [1] - 7:20
**et** [2] - 1:19, 2:3
**ET** [1] - 1:9
**event** [1] - 11:15
**ex** [1] - 14:13
**example** [1] - 9:23
**existence** [1] - 12:5

**existing** [1] - 7:22
**extension** [3] - 13:1, 13:2, 13:3
**extrinsic** [1] - 7:7

**F**

**facilitate** [1] - 3:15
**Facsimile** [1] - 2:9
**fact** [1] - 11:22
**facts** [4] - 7:1, 7:19, 10:12, 12:7
**factual** [1] - 7:23
**factually** [1] - 12:4
**faith** [1] - 5:17
**FAPR** [2] - 2:7, 16:25
**far** [2] - 5:13, 12:16
**FARINA** [4] - 1:22, 3:7, 8:10, 9:1
**Farina** [2] - 3:6, 8:13
**federal** [2] - 5:10, 6:15
**Federal** [2] - 5:12, 5:18
**few** [1] - 15:16
**figure** [1] - 6:6
**file** [3] - 5:25, 6:1, 14:14
**filed** [3] - 14:2, 14:7, 15:2
**filing** [3] - 12:20, 12:25, 15:12
**final** [2] - 4:2, 4:10
**fine** [3] - 3:12, 4:19, 12:14
**first** [1] - 4:20
**Floor** [1] - 1:21
**FLORA** [2] - 1:14, 1:17
**following** [1] - 3:1
**FOR** [1] - 1:11
**foregoing** [1] - 16:21
**forth** [1] - 7:22
**forum** [7] - 9:12, 9:14, 10:15, 10:20, 11:22, 11:23, 11:25
**Foundation** [1] - 9:24
**four** [1] - 5:12
**fraud** [7] - 6:24, 7:3, 7:4, 7:6, 7:11, 7:14, 11:7
**free** [1] - 11:11
**Friday** [2] - 14:9, 14:11
**Frisolone** [2] - 2:7, 16:25
**front** [2] - 5:25, 6:2
**FUNDING** [1] - 1:8
**Funding** [2] - 1:19, 2:3

**G**

**Gabrielle** [2] - 8:13, 8:16
**GABRIELLE** [1] - 1:22
**Gas** [1] - 5:21
**Glendale** [1] - 1:16
**good-faith** [1] - 5:17
**Google** [1] - 10:4
**granting** [1] - 4:5
**greatly** [1] - 3:15
**GUBIN** [1] - 1:3
**Gubin** [1] - 1:15
**guess** [1] - 9:10

**H**

**handwritten** [2] - 15:2, 15:16

**happy** [1] - 13:17
**hard** [2] - 3:24, 8:3
**hear** [1] - 13:18
**hello** [3] - 3:3, 3:4, 8:10
**high** [1] - 13:7
**high-tech** [1] - 13:7
**HOLDINGS** [1] - 1:9
**Holdings** [2] - 1:19, 2:3
**honestly** [1] - 10:16
**Honor** [13] - 3:9, 3:11, 4:8, 9:1, 9:14, 9:17, 13:4, 13:21, 13:23, 14:10, 14:17, 15:4, 15:12
**HONORABLE** [1] - 1:12
**hopefully** [1] - 8:15

**I**

**identify** [1] - 3:16
**imagine** [1] - 8:3
**important** [1] - 12:15
**inadequate** [1] - 3:25
**Inc** [1] - 9:24
**including** [2] - 9:20, 11:3
**inclusion** [1] - 9:20
**independent** [2] - 7:21, 7:25
**independently** [1] - 6:19
**individually** [2] - 4:25, 5:1
**information** [1] - 16:14
**Injunction** [2] - 14:8, 15:1
**insofar** [2] - 4:21, 5:10
**insufficiently** [1] - 11:6
**intended** [2] - 6:9, 6:25
**Internet** [3] - 8:20, 9:6, 13:8
**intrinsic** [1] - 7:7
**issues** [4] - 13:6, 13:9, 13:11, 13:12

**J**

**Jerry** [1] - 10:5
**JUDGE** [1] - 1:12
**judge** [1] - 8:12
**judge's** [1] - 3:1
**July** [3] - 12:13, 12:20, 13:16
**June** [1] - 1:7
**jurisdiction** [5] - 4:20, 4:23, 10:12, 11:18, 11:20
**jurisdictional** [1] - 12:1

**K**

**KNIGHT** [2] - 1:18, 2:2
**knows** [1] - 12:23

**L**

**large** [1] - 14:5
**last** [5] - 3:19, 4:7, 12:17, 14:10, 15:16
**LAW** [1] - 1:14
**law** [3] - 5:7, 7:14, 11:5
**lawsuit** [2] - 10:24, 11:9
**lead** [2] - 6:20, 7:24
**leads** [1] - 10:16

leave [3] - 4:6, 11:11, 16:5
leaves [1] - 4:4
legal [1] - 13:13
letters [1] - 3:17
libel [1] - 11:7
light [1] - 7:21
limited [1] - 10:24
literally [1] - 15:16
litigation [1] - 10:21
LLC [11] - 1:3, 1:8, 1:8, 1:9, 1:15, 1:19, 1:19, 2:3, 2:3
LLCs [1] - 5:1
LLP [2] - 1:18, 2:2
located [1] - 10:1
look [8] - 4:25, 5:15, 6:11, 6:19, 7:12, 12:2, 12:3, 15:10
looked [1] - 15:9
lost [1] - 9:1

## M

mail [3] - 2:9, 7:4, 14:4
mandatory [1] - 9:15
matter [1] - 16:22
matters [1] - 3:18
mean [4] - 7:16, 8:24, 11:5, 11:12
meant [2] - 6:6, 6:7
members [1] - 5:2
merits [1] - 12:22
mind [1] - 7:17
minutes [5] - 3:14, 15:13, 15:17, 16:6, 16:11
Motion [2] - 14:3, 15:1
motion [6] - 3:20, 14:3, 14:7, 15:3, 15:13
motions [1] - 4:3
MS [22] - 3:3, 3:5, 3:7, 4:8, 4:18, 5:6, 5:24, 6:4, 8:10, 8:19, 8:23, 9:1, 12:12, 12:18, 13:1, 13:4, 13:14, 13:21, 15:5, 15:20, 15:23, 16:2
multiple [2] - 4:3, 4:16
must [1] - 6:17

## N

name [1] - 3:16
named [1] - 10:5
narrow [1] - 10:18
Natural [1] - 5:21
near [1] - 4:13
need [6] - 11:21, 13:1, 13:2, 13:17, 14:18, 14:20
needs [1] - 11:19
never [2] - 6:21, 14:12
NEW [2] - 1:1, 1:8
New [8] - 1:5, 1:16, 1:19, 1:21, 2:3, 8:13, 10:21
next [1] - 12:13
NICOLE [1] - 1:3
Nicole [1] - 1:15
nonprofit [1] - 9:24
notation [1] - 15:2
note [1] - 15:16
nothing [4] - 6:3, 11:4, 14:18, 14:20

notice [4] - 14:1, 14:2, 15:6, 15:12
notices [1] - 14:23
number [5] - 3:23, 3:25, 9:21, 9:25, 15:10

## O

obtained [1] - 9:6
obviously [3] - 3:18, 4:24, 11:12
OF [4] - 1:1, 1:11, 1:14, 16:20
office [1] - 15:25
OFFICE [1] - 1:14
Official [2] - 2:8, 16:25
once [1] - 4:4
one [10] - 3:23, 6:21, 7:5, 8:2, 9:23, 10:25, 12:3, 13:23, 16:4
online [1] - 8:20
opportunity [2] - 4:2, 16:12
oral [3] - 8:9, 8:18, 9:6
order [3] - 6:17, 15:15, 16:9
Order [3] - 14:3, 14:4, 14:8
organization [2] - 9:25, 10:4
ought [3] - 11:8, 11:10, 11:16

## P

parte [1] - 14:13
particularly [1] - 7:21
parties [1] - 9:21
Parties [1] - 3:2
partners [1] - 5:2
partnerships [1] - 5:1
past [2] - 8:25, 14:11
perfectly [1] - 10:8
perhaps [2] - 6:21, 10:18
place [2] - 3:1, 11:1
plaintiff's [1] - 3:17
Plaintiffs [3] - 1:4, 1:14, 1:15
plausible [1] - 7:24
plead [15] - 4:25, 5:3, 5:4, 5:18, 6:16, 6:17, 6:21, 6:22, 7:1, 7:3, 7:23, 11:19, 12:1, 12:6, 12:7
pleaded [4] - 4:24, 11:6, 11:19, 12:4
pleading [12] - 4:7, 4:16, 6:13, 7:6, 7:23, 8:22, 9:19, 10:9, 12:17, 13:16, 14:1, 14:6
pleads [1] - 7:17
point [6] - 4:21, 9:18, 12:23, 14:19, 14:21, 16:8
possible [1] - 12:19
possibly [1] - 5:24
potential [1] - 6:15
predicate [2] - 6:22, 6:24
Preliminary [2] - 14:8, 15:1
presented [1] - 3:19
presents [1] - 3:23
president [1] - 9:25
presumably [1] - 9:7
private [3] - 5:14, 5:18, 6:10
problem [3] - 8:5, 11:24, 15:24
problems [1] - 7:5
proceeding [1] - 3:14
Proceedings [1] - 2:10
proceedings [2] - 16:17, 16:22

produced [1] - 2:11
progress [1] - 15:15
pursue [2] - 13:19, 13:20
put [2] - 6:13, 16:6
putting [1] - 10:23

## Q

questions [2] - 10:23, 12:8
quite [1] - 14:14
quoted [2] - 6:2, 6:3

## R

raft [1] - 4:7
RAINER [21] - 1:14, 1:17, 3:3, 3:5, 4:8, 4:18, 5:6, 5:24, 6:4, 8:19, 8:23, 12:12, 12:18, 13:1, 13:4, 13:14, 13:21, 15:5, 15:20, 15:23, 16:2
Rainer [6] - 3:4, 3:22, 8:17, 9:5, 9:7, 10:6
Rainer's [6] - 10:3, 14:2, 14:7, 15:8, 15:18, 16:5
raise [1] - 13:23
raises [1] - 9:10
RASCH [15] - 2:6, 3:9, 3:11, 8:12, 9:14, 13:23, 13:25, 14:10, 14:12, 14:17, 14:22, 15:4, 15:12, 16:10, 16:16
Rasch [6] - 3:8, 8:12, 10:7, 15:9, 16:5, 16:10
RDR [2] - 2:7, 16:25
read [2] - 3:17, 3:19
really [6] - 6:12, 10:19, 10:24, 11:8, 11:9, 12:22
reason [3] - 12:22, 14:15, 15:5
receive [1] - 15:5
received [2] - 14:1, 14:23
reckless [1] - 9:20
record [1] - 16:22
recorded [1] - 2:10
refer [3] - 5:21, 6:23, 6:24
referring [1] - 9:12
relationship [3] - 7:22, 8:1, 8:2
relied [1] - 5:12
relying [2] - 4:23, 10:14
repercussions [1] - 11:13
replead [2] - 4:2, 10:18
repleading [3] - 4:16, 9:7, 9:8
REPORTER [1] - 16:20
Reporter [3] - 2:7, 2:8, 16:25
reporter [3] - 3:13, 16:6, 16:13
research [1] - 13:12
reserve [1] - 4:10
respects [1] - 3:25
respond [2] - 14:18, 14:20
responsibility [1] - 13:12
Restraining [2] - 14:4, 14:8
restricted [1] - 11:22
result [1] - 13:6
RICO [8] - 6:16, 6:17, 6:21, 6:22, 6:24, 7:1, 7:2
rights [1] - 4:10
River [1] - 9:23
river [1] - 10:1

4

**ROSS** [1] - 1:12
**rounds** [1] - 4:16
**Routh** [1] - 2:4
**Rubin** [1] - 8:4
**Rule** [1] - 10:9

## S

**satisfied** [1] - 5:17
**satisfy** [1] - 6:17
**scan** [1] - 14:5
**scheduled** [1] - 15:14
**scratch** [1] - 11:16
**search** [1] - 10:4
**Section** [3] - 5:13, 5:22, 6:8
**see** [6] - 7:5, 13:5, 15:7, 15:11, 15:14
**seeking** [1] - 4:22
**selection** [5] - 9:12, 9:15, 10:15, 10:16, 11:23
**SENIOR** [1] - 1:12
**serious** [1] - 5:16
**seriously** [2] - 10:10, 10:17
**served** [2] - 9:25, 14:12
**set** [1] - 7:22
**SEVEN** [1] - 1:3
**Seven** [1] - 1:15
**shortly** [1] - 13:25
**Show** [1] - 14:3
**showed** [1] - 10:5
**side** [1] - 3:11
**similarly** [1] - 5:11
**simply** [2] - 10:6, 13:10
**slander** [1] - 11:7
**somewhere** [1] - 6:23
**sooner** [1] - 12:24
**sorry** [1] - 14:10
**standpoint** [1] - 9:18
**start** [1] - 11:16
**state** [1] - 11:5
**statute** [3] - 6:5, 6:18, 7:1
**staying** [1] - 13:6
**stenography** [1] - 2:10
**STEPHEN** [1] - 2:6
**Steve** [2] - 8:12, 16:10
**still** [2] - 8:11, 8:15
**Street** [2] - 1:16, 2:4
**strongly** [1] - 5:19
**sufficiency** [1] - 4:11
**sufficient** [2] - 7:8, 7:23
**sufficiently** [3] - 4:24, 7:1, 7:3
**suggest** [2] - 5:15, 5:19
**suit** [1] - 12:25
**Suite** [1] - 2:5
**support** [1] - 7:2
**supporting** [1] - 10:12

## T

**tease** [1] - 5:4
**tech** [1] - 13:7
**technology** [1] - 13:7
**TELEPHONE** [1] - 1:11
**Telephone** [1] - 2:8
**telephone** [1] - 3:2
**Temporary** [2] - 14:3, 14:8
**terms** [5] - 4:11, 10:10, 10:11, 10:12
**Texas** [1] - 2:5
**text** [1] - 14:2
**the defendant** [2] - 5:11, 8:5
**third** [1] - 6:15
**Third Avenue** [1] - 1:20
**Thompson** [1] - 10:5
**THOMPSON** [2] - 1:18, 2:2
**three** [1] - 15:13
**Thursday** [1] - 1:7
**Title** [1] - 7:16
**together** [1] - 6:13
**took** [1] - 5:25
**Trade** [2] - 5:13, 5:18
**transcript** [2] - 3:15, 16:21
**Transcript** [1] - 2:10
**TRANSCRIPT** [1] - 1:11
**Transcription** [1] - 2:11
**tried** [1] - 6:6
**Trinity** [1] - 9:23
**TRO** [1] - 15:1
**try** [1] - 5:19
**two** [2] - 11:1, 12:13

## U

**U.S.C** [1] - 5:13
**under** [2] - 5:18, 6:10
**unintentional** [1] - 8:14
**United States** [5] - 1:1, 1:5, 1:12, 5:22, 6:8
**unnecessary** [1] - 10:21
**up** [2] - 10:9, 10:20

## V

**vacation** [1] - 12:12
**valid** [1] - 4:21
**via** [1] - 3:2
**VII** [1] - 7:16

## W

**week** [2] - 3:19, 14:10
**weeks** [1] - 12:13
**WHEREUPON** [1] - 16:17
**whole** [2] - 5:25, 9:20
**wire** [2] - 6:24, 7:3
**wish** [1] - 16:9
**wonder** [1] - 10:16
**written** [4] - 8:17, 8:19, 8:20, 9:5

## Y

**years** [1] - 10:1
**YORK** [2] - 1:1, 1:8
**York** [8] - 1:5, 1:16, 1:19, 1:21, 2:3, 8:13, 10:21
**yourself** [1] - 6:13
**yourselves** [1] - 3:16

*Anthony D. Frisolone, FAPR,  RDR, CRR, CRI, CSR*
*Official Court Reporter*